IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RAUL LOPEZ and DIANA LOPEZ, Individually and As Next Friend of AIMEE LOPEZ, A Minor<br><br>Plaintiffs,<br><br>VS.<br><br>TOYOTA MOTOR CORPORATION<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2-02CV-210 |

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1. Plaintiffs are the natural parents of Aimee Lopez and reside in Arlington, Tarrant County, Texas.

2. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, at 1 Toyota-Cho, Toyota, 0471, Japan.

### B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### C. Facts

4. On June 12, 2002, Raul Lopez was driving his 1995 Toyota Corolla (VIN # 1NXAE04BXSZ350518) and had stopped to allow another vehicle to exit a parking lot at the 2800 block of West Park Drive in Arlington, Tarrant County, Texas. A 1995 Chevrolet Tahoe failed to control his speed and impacted into the rear of the Toyota.

PLAINTIFFS' ORIGINAL COMPLAINT

PAGE 1

5. At the time of the rear impact Raul Lopez and Aimee Lopez were properly wearing their 3-point seatbelt. Aimee Lopez was seated in the left rear side of the vehicle. During the impact, Raul Lopez seat recliner failed and he smashed his head into his daughters face, causing blindness in her left eye.

### D. Cause of Action
### As To Defendant Toyota Motor Corporation

6. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

7. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident because Defendant's front seats were weak, inferior and were prone to collapse rearward. Defendant's front seat failed to stay upright. Defendant's front seat recliner teeth sheared and the surrounding metal deformed leading to the seat collapse.

8. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew that the vehicle's seat was weak, flimsy and inferior.

9. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question.

10. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

PLAINTIFFS' ORIGINAL COMPLAINT

11. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Aimee Lopez's injuries.

### E. Damages to Plaintiffs

12. As a result of the acts and/or omissions of Defendant, Plaintiffs Raul Lopez and Diana Lopez, Individually and As Next Friend of Aimee Lopez have suffered extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future as a result of the injuries to their daughter Aimee Lopez.

13. As a result of the acts and/or omissions of Defendant, Plaintiff Aimee Lopez has suffered extreme emotional distress, mental anguish, impairment, and disfigurement in the past and, in all likelihood, will into the future as a result of her injuries.

14. As a result of the acts and/or omissions of Defendant, Plaintiff Raul Lopez and Diana Lopez have become obligated to pay necessary and reasonable medical expenses for Aimee Lopez, a minor until she reaches majority and Plaintiff Aimee Lopez will be responsible for her medical care in the future upon reaching majority age.

15. Plaintiff Aimee Lopez will suffer a diminished earning capacity due to her blindness.

16. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages to Plaintiffs have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

16. For these reasons, Plaintiffs ask for judgment against Defendant for

    a. actual damages;
    b. prejudgment and post-judgment interest beginning June 12, 2002;
    c. costs of suit; and
    d. all other relief the court deems proper.

**PLAINTIFFS' ORIGINAL COMPLAINT**

Respectfully submitted,

**TRACY & CARBOY**

_____
E. Todd Tracy
State Bar No. 20178650
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax

**ATTORNEY FOR PLAINTIFFS**

**PLAINTIFFS' ORIGINAL COMPLAINT**

**PAGE 4**